CITY OF LODI, Plaintiff-Respondent,

v.

Harold W. HINE, Defendant-Appellant,

STATE of Wisconsin, Intervenor.

Supreme Court

*No. 81–1320.  Argued March 31, 1982.—Decided April 27, 1982.*

(Also reported in 318 N.W.2d 383.)

For the defendant-appellant there was a brief and oral argument by *Stephen Charles Solomon* of Madison.

For the plaintiff-respondent there was a brief by *Michael W. Smith,* city attorney, and oral argument by *Michael S. Hines,* both of Lodi.

For the intervenor the cause was argued by *Kirbie Knutson,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

STEINMETZ, J. The case comes to this court via certification by the court of appeals.

The issue is whether the court of appeals holding in *State v. Booth,* 98 Wis. 2d 20, 295 N.W.2d 194 (Ct. App. 1980), concerning the admissibility of the results of a breathalyzer examination after the destruction of the test ampoules used, is applicable to civil as well as to criminal operating a motor vehicle while under the influence of an intoxicant cases. The circuit court held it was not bound by the *Booth* decision because that decision had not been published by the time of trial and, therefore, had no precedential value. Also, the circuit court had doubt as to *Booth's* retrospective application. The court relied on the facts that there was no legal requirement that the ampoules be kept and it was the recommended practice of the Motor Vehicle Division of the Department of Transportation to destroy the test ampoules after the test was completed. This direction was contained in a published MVD check list for breathalyzer operators.

The defendant, Harold W. Hine, consented to a test of his breath for alcohol content at the time of his arrest on May 1, 1979. The result of the test was a showing of 0.17+ percent blood alcohol concentration. On May 11, 1979, the defendant, by motion, specifically requested

production of the breathalyzer ampoule. The trial court denied the motion on October 2, 1979. The record shows the test ampoule was destroyed immediately after its use in the test.

Sec. 345.421, Stats., states:

"**Discovery.** Neither party is entitled to pretrial discovery except that if the defendant moves within 10 days after the alleged violation and shows cause therefor, the court may order that the defendant be allowed to inspect and test under s. 804.09 and under such conditions as the court prescribes, any devices used by the plaintiff to determine whether a violation has been committed, including without limitation, devices used to determine presence of alcohol in breath or body fluid or to measure speed, and may inspect under s. 804.09 the reports of experts relating to those devices."

This section was adopted along with the remainder of ch. 345 to provide a procedure for traffic violations where both ordinances and statutes might apply. Ch. 345 establishes a uniform procedure for the great majority of state Motor Vehicle Code violations and for all ordinances enacted in conformity therewith.

The defendant made his discovery demand for the production of the test ampoule in a timely manner pursuant to sec. 345.421, Stats., and was entitled to its production for testing pursuant to the conditions of sec. 804.09.[1] This was despite the MVD check list directive,

---

[1] "804.09 **Production of documents and things and entry upon land for inspection and other purposes.** (1) Scope. Any party may serve on any other party a request (a) to produce and permit the party making the request, or someone acting on the party's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or con-

which could not eliminate the statutory right to discovery contained in sec. 345.421. Reliance upon the *Booth* decision was not necessary for this defendant to obtain the test ampoule; his right to inspect and test the ampoule was based instead upon his compliance with the statutory procedure for accomplishing the production.

The breathalyzer machine is useless without the test ampoule; therefore, the ampoule is a part of the device used and, as such, is covered by the language of sec. 345.421, Stats., which states, "including without limitation, devices used to determine presence of alcohol in breath or body fluid."

---

tain matters within the scope of s. 804.01(2) and which are in the possession, custody or control of the party upon whom the request is served; or (b) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation therein, within the scope of s. 804.01(2).

"(2) PROCEDURE. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. The party upon whom the request is served shall serve a written response within 30 days after the service of the request, except that a defendant may serve a response within 45 days after service of the summons and complaint upon that defendant. The court may allow a shorter or longer time. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the party shall be specified. The party submitting the request may move for an order under s. 804.12(1) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

"(3) PERSONS NOT PARTIES. This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter upon land."

The motion for discovery in this case was timely, statutorily correct and pointedly specific in identifying the ampoule as the item sought.

The proper motion to discover was followed by a pre-trial motion to suppress. Since the state had failed to produce the ampoule as legally and properly demanded, the proper sanction was to suppress the test result and prevent its introduction as evidence at trial.

It is apparent from the adoption of sec. 345.421, Stats., that the legislature intended the use of that section in civil as well as criminal traffic charges, *i.e.*, in those cases where the offense could have been charged as either a civil or criminal violation.

In addition, even if the legislature had not made sec. 345.421, Stats., clearly applicable to either civil or criminal prosecutions of operating a motor vehicle while under the influence of intoxicants (OMVWI), under present law the second and third offense of OMVWI must be brought under sec. 346.63(1)[2] and sec. 346.65(2) (a)[3] which makes it a crime to be convicted of OMVWI

[2] Sec. 346.63(1), Stats., provides:

"**Operating under influence of intoxicant.** (1) No person may drive or operate a motor vehicle while under the influence of an intoxicant or a controlled substance."

[3] Sec. 346.65(2)(a), Stats., provides:

"(2)(a) Any person violating s. 346.63(1):

"1. Shall forfeit not less than $100 nor more than $500, except as provided in subd 2 or 3.

"2. Shall be fined not less than $250 nor more than $1,000 and imprisoned not less than 5 days nor more than 6 months if the total of revocations under s. 343.305 and convictions for violation of s. 346.63(1) or local ordinances in conformity therewith equals 2 within a 5-year period, except that revocations and convictions arising out of the same incident or occurrence shall be counted as one. The 5-year period shall be measured from the dates of the refusals or violations which resulted in the revocations or conviction.

two or three times within a five-year period. Therefore, though the first OMVWI offense may be civilly charged, subsequent offenses must be charged as crimes pursuant to sec. 346.65(2)(a). It is only fair and reasonable that discovery practices under sec. 345.421 are equally available for the civil charge of OMVWI as well as for the criminal charge. For the civil conviction to be a trustworthy basis for subsequent potential criminal charges, it should be subject to the same discovery practices.

Ch. 20, sec. 343.305(10)(d), Stats., effective May 1, 1982, puts to rest by legislative directive the time within which demand for testing of an ampoule must be made and the procedure for its being tested. It reads:

"343.305(10)(d) Each breathalyzer test ampoule which has been used in the test of a person to determine the alcohol content of breath shall be preserved, subject to the following conditions:

"1. Upon the completion of the chemical analysis of the person's breath, the person shall be informed that:

"a. The test ampoule shall be preserved for a period of 30 days after the test was given.

"b. During the 30-day period, the person may request the agency employing the person who conducted the analysis to transfer the test ampoule to an independent laboratory for preservation and testing. The person making the request shall pay a fee, set by and payable to the law enforcement authority, for the actual cost of transferring the ampoule. The person shall also pay a fee, set by the department of transportation by rule, for the cost of preserving the ampoule during all or part of the 30-

---

"3. Shall be fined not less than $500 nor more than $2,000 and imprisoned for not less than 30 days nor more than one year in the county jail if the total of revocations under s. 343.305 and convictions for violation of s. 346.63(1) or local ordinances in conformity therewith equals 3 or more within a 5-year period, except that revocations and convictions arising out of the same incident or occurrence shall be counted as one. The 5-year period shall be measured from the dates of the refusals or violations which resulted in the revocations or convictions."

day period. The fee shall be deposited in the transportation fund.

"c. If the person does not request the test ampoule preserved during the 30 days, the ampoule shall be destroyed by the agency employing the person who conducted the analysis.

"2. All forms, reports and preservation containers required to fulfil the requirements of this paragraph shall be furnished by the department."

In the instant case there was considerable evidence that the defendant was under the influence of an intoxicant independent of the breathalyzer test result. There were also explanations by the defendant for his actions, and it thus became an issue of evidentiary weight to be assessed by the jury. We have no way of determining what influence the breathalyzer test result of 0.17+ percent blood alcohol concentration had in the jury's determination of what weight was given the conflicting evidence and testimony. The jury instruction given by the trial judge, in pertinent part, was:

"Section 346.63 (4) of the Wisconsin Motor Vehicle Code provides that a person whose blood contains .10 per cent, or more, by weight, of alcohol, is under the influence of an intoxicant.

"Evidence has been received that within two hours after the defendant's driving of a motor vehicle, a sample of the defendant's breath was taken, and an analysis of that breath sample has also been received.

"If you are satisfied to a reasonable certainty, by evidence which is clear, satisfactory and convincing that the chemical analysis showed there was .10 per cent, or more, by weight, of alcohol in the defendant's blood, you may find from that fact alone that the defendant was under the influence of an intoxicant.

"But, you must not so find unless you are so satisfied to a reasonable certainty, by evidence which is clear, satisfactory and convincing, upon consideration of all the evidence in this case."

With the instruction as presented, there is no way to determine the weight placed on the challenged corroborating evidence of intoxication when coupled with the test result of 0.17+ percent. We therefore remand the case to the trial court for a new trial, with the breathalyzer test result suppressed, since a different result might have been reached if that evidence had not been admitted. *Moore v. State,* 83 Wis. 2d 285, 296, 265 N.W.2d 540 (1978); *Vogel v. State,* 96 Wis. 2d 372, 394, 291 N.W.2d 838 (1980).

*By the Court.*—The judgment of the circuit court for Columbia County is reversed and the case is remanded for a new trial pursuant to the requirements of this decision.

CECI, J., took no part.