E. MICHAEL MCCANN, District Attorney Milwaukee County
Your April 15, 1982, letter asks two questions:
1) Can a local government enact an ordinance in conformity with sec. 343.44(2)(a)1., Stats.?
2) Is a conviction under such an ordinance a prior conviction for purposes of sec. 343.44(2)(b)-(e), Stats.?
To your first question, my answer is yes. To your second question, my answer is no.
Two statutes define the power of local governments to enact traffic ordinances, secs. 349.03 and 349.06, Stats. Section349.03, Stats., expresses the general state policy of uniformly applying the Vehicle Code (Title XXXII of the statutes) throughout the state and prohibits the enactment of local traffic ordinances which are inconsistent with or contrary to the Code or not expressly authorized by statute.
Section 349.06, Stats., authorizes local governments to enact "any traffic regulation [with the exception of regulations providing for the suspension or revocation of motor vehicle operators' licenses] which is in strict conformity with [the] . . . provisions of chs. 341 to 348 and 350 for which the penalty . . . thereof is a forfeiture."
Section 343.44, Stats., prohibiting driving after revocation or suspension, was recently amended. Ch. 20, sec. 1569h, Laws of 1981. As stated in your letter, second and subsequent violations of sec. 343.44, *Page 133 
Stats., are now crimes; first violations are either forfeitures or crimes depending on the reason for the revocation. Under sec.349.06, Stats., local governments may enact ordinances prohibiting those acts of operating after revocation or suspension which are forfeitures under the statute; they may not enact ordinances prohibiting those acts which are crimes.
The treatment of operating after revocation or suspension,i.e., first offense civil; subsequent offenses criminal, is entirely consistent with the present treatment of reckless driving (sec. 346.62, Stats.) and drunk driving (sec. 346.63, Stats.), see sec. 346.65, Stats., and with prior treatments of several other offenses. Hough, Wisconsin's Uniform Traffic CourtProcedure, 45 Wis. Bar. Bull., No. 4 at 14-15 (1972); see Statev. Peterson, 104 Wis.2d 616, 621-22, 312 N.W.2d 784 (1981). Both Mr. Hough and the author of Municipalities Must Revise LocalTraffic Ordinances, 67 The Municipality at 157-58 (1972), agree that local governments can enact ordinances prohibiting first offenses under these statutes. This view is consistent with the Legislative Reference Bureau's analysis of 1971 Senate Bill 161, subsequently enacted as ch. 278, Laws of 1971, which decriminalized first offenses under several statutes.
My conclusion that local governments can adopt first offense operating after revocation or suspension ordinances is not affected by ch. 193, sec. 18(m), Laws of 1977. As noted in your letter, this nonstatutory provision authorized the enactment of local first-offense drunk-driving ordinances providing for maximum forfeitures of $500 "to be retained entirely by the local unit of government."
In my opinion, this provision was not necessary to empower the enactment of first-offense drunk-driving ordinances; that authority was contained in the general enabling legislation, secs. 349.03 and 349.06, Stats., discussed earlier in this opinion.
My conclusion is also not affected by language in secs. 349.03
and 349.06, Stats., relating to the suspension or revocation of operator's licenses. Section 349.03(2), Stats., forbids the enactment by local governments of traffic regulations "providing for suspension or revocation of motor vehicle operator's licenses . . . ." Section 349.06(1), Stats., authorizes the enactment by local governments of traffic regulations in conformity with the Vehicle Code for which the penalty *Page 134 
for violation thereof is a forfeiture except for regulations dealing with "the suspension or revocation of motor vehicle operator's licenses . . . ."
The above-quoted language does not preclude the enactment of ordinances, violation of which may result in suspension or revocation of an operator's license. The statutes expressly empower the courts and the Department of Transportation to suspend or revoke operator's licenses for violations of local ordinances as well as for violations of the statutes. Secs.343.30(1) and 343.31(1), Stats. In addition, the power to suspend or revoke for violations of ordinances is expressly conferred upon municipal courts as well as the circuit court. Sec.345.20(2)(b), Stats. What the above-quoted language does preclude is the enactment of local ordinances which by their own terms call for the suspension or revocation of operator's licenses.
With respect to your second question, I have concluded that convictions under a local ordinance are not prior convictions for purposes of sec. 343.44(2)(b)-(e), Stats.
These subsections prescribe the penalties for violations of "this section," namely sec. 343.44, Stats. Unlike the penalty provisions for drunk-driving, sec. 346.65, Stats., sec.343.44(2), Stats., does not refer to local ordinances adopted in conformity with the statute. Therefore, the criminal penalties for second or subsequent acts of operating after revocation or suspension do not apply where the prior conviction is for an ordinance violation; they apply only where the prior conviction is for a statutory violation. Cf. Bayside v. Bruner,33 Wis.2d 533, 536-37, n. 1, 148 N.W.2d 5 (1967) (the criminal penalties for second or subsequent acts of drunk driving, under sec.346.63, Stats. (1965), apply only where the prior conviction is for a statutory violation); accord, Hough, 45 Wis. Bar. Bull. at 14-15.
If the Legislature had intended ordinance violations to be first offenses for purposes of applying criminal penalties, it would have expressly mentioned convictions for local ordinances as it did in the drunk-driving statute.
If this result seems anomalous to you, be reminded that for some time this has been the treatment for reckless driving, see
sec. 346.65(1), Stats., and until 1977 was the treatment of drunk-driving as well. See ch. 193, sec. 15, Laws of 1977. *Page 135 
While not directly addressed in your letter, one further matter merits discussion. My opinion that local governments may enact ordinances prohibiting those first acts of operating after revocation or suspension which are forfeitures under the statute, and that convictions under such ordinances do not count as prior offenses for purposes of triggering the criminal penalties of sec. 343.44(2), Stats., does not mean that persons can be prosecuted under a local ordinance regardless of how many times they have operated after revocation or suspension. It is only one's first act of driving after revocation or suspension which is within the scope of a local government's regulatory authority. Second and subsequent acts of operating after revocation or suspension would have to be charged under the statute. Cf. Cityof Lodi v. Hine, 107 Wis.2d 118, 318 N.W.2d 383 (1982) (second and subsequent drunk-driving must be prosecuted under the statute).
Local ordinances prohibiting operating after revocation or suspension should clearly and expressly state that they apply only to one's first act of driving after revocation or suspension. To the extent that they might purport to prohibit second or subsequent acts, they would be void as contrary to secs. 349.03 and 349.06, Stats., since the penalty for second or subsequent violations of the statute is criminal, not a forfeiture.
This raises the question of how to charge a person suspected of driving after revocation or suspension whose only prior conviction is under an ordinance. The person cannot be charged with a criminal violation because the prior conviction was not for a violation of the statute. The person cannot be charged with an ordinance violation because local governments can prohibit only first acts of driving after revocation or suspension. In my opinion, the proper charge is as a first offender under the statute.
While a person whose prior offense was a statutory violation is subject to criminal penalties if he or she subsequently operates after revocation or suspension, and yet a person whose prior offense was an ordinance violation is not so subject may not strike one as "uniform" traffic procedure, it is for the Legislature to address the problem.
BCL:EM *Page 136