# STATE of Wisconsin, Plaintiff-Respondent,

## v.

# Marcella M. WILKE, Defendant-Appellant. †

### Court of Appeals

*No. 89-0176. Submitted on briefs June 8, 1989.—Decided September 6, 1989.*

(Also reported in 448 N.W.2d 13.)

† Petition to review denied.

On behalf of the defendant-appellant the cause was submitted on the briefs of *Barry S. Cohen* of the Law Offices of *William A. Pangman & Associates* of Waukesha.

On behalf of the plaintiff-respondent the cause was submitted on the brief of *David J. W. Klauser,* assistant district attorney of Waukesha.

Before Brown, P.J., Scott and Nettesheim, JJ.

NETTESHEIM, J.   Marcella M. Wilke appeals from an order revoking her driving privileges for two years for refusing to submit to a chemical test of her breath upon arrest for operating a motor vehicle while intoxicated (OWI). She argues that the trial court erred in ordering revocation because the officers administering the breath test failed to comply with sec. 343.305(4), Stats., requiring that the accused be informed of possible penalties associated with submitting to a chemical test. We agree and reverse the revocation order.

The relevant facts are undisputed. Wilke was arrested for OWI on September 15, 1988 after operating her automobile in an erratic manner and failing to perform several field sobriety tests to the satisfaction of the arresting officer. She was then transported to the City of Brookfield Police Department where the arresting

officer requested that she submit to a chemical test of her breath. The officer read Wilke the information contained in the "Informing the Accused" form issued by the Wisconsin Department of Transportation. Wilke indicated that she understood the contents of the form and that she would submit to a test of her breath. After the intoxilyzer machine operator instructed her on how to take the breath test, Wilke approached the machine, pursed her lips together and blew air out without putting the mouthpiece fully in her mouth. The operator explained that Wilke would have to make a seal around the mouthpiece and that if she did not provide an adequate sample such action would be considered a refusal. Wilke responded by stating "then I guess I'm refusing." The officers then processed Wilke's matter as a refusal.

At the refusal hearing Wilke argued that no action could be taken against her operating privileges on account of her refusal because the officer failed to fully comply with sec. 343.305(4), Stats. *See* sec. 343.305(9)(d). Section 343.305(4), states:

> **(4)** INFORMATION. At the time a chemical test specimen is requested under sub. (3)(a), the person shall be orally informed by the law enforcement officer that:
> (a) He or she is deemed to have consented to tests under sub. (2);
> (b) If testing is refused, the person's operating privilege will be revoked under this section;
> (c) If one or more tests are taken and the results of any test indicate that the person has a blood alcohol concentration of 0.1% or more, *the person will be subject to penalties* and the person's operating privilege will be suspended under this section; and
> (d) After submitting to testing, the person tested has the right to have an additional test made

by a person of his or her own choosing. [Emphasis added.]

In this case, the officer informed Wilke by reading from a form entitled "Informing the Accused s. 343.305(3)(a) Wis. Stats." This form incorporates all of the language of sec. 343.305(4), with the exception of the highlighted "penalty" language of subsec. (4)(c). Wilke thus was not informed that taking the test exposed her to other possible penalties besides license suspension.

The trial court ruled that the officer had substantially complied with sec. 343.305(4), Stats., when he informed Wilke as outlined in the "Informing the Accused s. 343.305(3)(a) Wis. Stats." form. Therefore, the trial court concluded that Wilke had refused the test and that she was subject to revocation under sec. 343.305(10).

On appeal, Wilke reasserts the statutory argument she raised in the trial court. She argues that the officer did not inform her of all the information contained in sec. 343.305(4), Stats. Therefore, there was not compliance with subsec. (4), and the trial court was required, under sec. 343.305(9)(d), to order that no action be taken against her operating privileges.

The interpretation of a statute and its application to a set of facts presents a question of law. *L & W Constr. Co. v. Wisconsin Dep't of Revenue,* 149 Wis. 2d 684, 688, 439 N.W.2d 619, 620 (Ct. App. 1989). When the facts are undisputed and only a question of law remains, our review is *de novo. Id.* at 688-89, 439 N.W.2d at 620.

In construing sec. 343.305(4) and (9)(d), Stats., we are to give effect to the intent of the legislature. *See L & W Constr.,* 149 Wis. 2d at 689, 439 N.W.2d at 620. We must ascertain that intent by first looking to the lan-

guage of the statute itself and giving the language its ordinary and accepted meaning. *Id.*

Section 343.305(9), Stats., which outlines the procedure for refusal hearings, states in relevant part:

> [(a)]   5. That the issues of the hearing are limited to:
>
> . . ..
>
> b.   Whether the officer complied with sub. (4).
>
> . . ..
>
> (d)   At the close of the hearing, or within 5 days thereafter, the court shall determine the issues under par. (a)5 . . .. If one or more of the issues is determined favorably to the person, the court *shall* order that no action be taken on the operating privilege on account of the person's refusal to take the test in question. [Emphasis added.]

Section 343.305(9)(d), Stats., mandates that at the close of a refusal hearing the trial court shall determine whether, *inter alia,* the officer complied with subsec. (4). Subsection (4) requires the officer to inform the accused that taking the test could subject the accused to penalties in addition to license suspension. If the trial court determines the issue favorably to the accused, i.e., that the officer did not inform the accused in compliance with subsec. (4), then the court "shall order that no action be taken on the operating privilege on account of the person's refusal to take the test in question." Sec. 343.305(9)(d).

It is undisputed that Wilke was not informed that if she took the test and the results indicated a blood alcohol concentration of 0.10% or higher she would be "subject to penalties." Such information is required by sec. 343.305(4)(c), Stats. Thus, the officer failed to comply with subsec. (4). Furthermore, sec. 343.305(9)(d) clearly states that if subsec. (4) has not been complied with the

court *shall* order that no action be taken on the accused's operating privileges.

This court recently decided *County of Eau Claire v. Resler,* 151 Wis. 2d 645, 445 N.W.2d 72 (Ct. App. 1989), involving a defendant who was arrested and charged with OWI, sec. 346.63(1)(a), Stats., and also with operating a motor vehicle with a blood alcohol concentration in excess of 0.10% (BAC), sec. 346.63(1)(b). Prior to giving consent to a chemical test, the defendant was informed of her rights under the same "Informing the Accused" form, with the same deficiencies, used in this case. The issue in *Resler* was whether suppression of the chemical test result was appropriate in the prosecution for the substantive offenses of OWI and BAC because of the noncompliance with the language of sec. 343.305(4), Stats. *Resler,* 151 Wis. 2d at 651, 446 N.W.2d at 74 (Ct. App. 1989).

Here, however, we are concerned not with the suppression of evidence, but rather with the authority of the state to revoke a person's driving privileges via a statutorily-mandated procedure. *State v. Zielke,* 137 Wis. 2d 39, 54, 403 N.W.2d 427, 433 (1987), holds that "when law enforcement officers fail to comply with the implied consent statute the driver's license cannot be revoked for refusing to submit to chemical tests." Although not essential to the ruling in *Zielke,*[1] we deem this language nonetheless integral to the supreme court's analysis of the suppression question in that case. We find this rea-

---

[1]The issue in *State v. Zielke,* 137 Wis. 2d 39, 403 N.W.2d 427 (1987), as in *County of Eau Claire v. Resler,* 151 Wis. 2d 645, 446 N.W.2d 72 (Ct. App. 1989), was whether noncompliance with the implied consent law required suppression of chemical test evidence.

soning not only persuasive but correct.[2]

Here, however, the trial court determined that the officer had "substantially" complied with the requirements of the statute. *Resler* is to the contrary: "[W]e hold that the failure of the arresting officer to inform Resler of the 'penalties' associated with test results of 0.1% BAC or higher amounted to noncompliance with sec. 343.305(4) . . .." *Resler,* 151 Wis. 2d at 654, 446 N.W.2d at 75, (Ct. App. 1989).

The statute requires that a suspect be warned not only of the administrative suspension resulting from a BAC result of 0.10% or more, but also of the additional penalties associated with submitting to a chemical test. The officer properly advised Wilke of the former, but not the latter. This failure was partial—not substantial—compliance. Although not requiring complete compliance, substantial compliance does require "actual compliance in respect to the substance essential to every reasonable objective of the statute." *Midwest Mut. Ins. Co. v. Nicolazzi,* 138 Wis. 2d 192, 200, 405 N.W.2d 732, 736 (Ct. App. 1987). As noted, the warning given Wilke alerted her only as to one component of the penalties which could follow from a BAC result of 0.10% or more. This was not "compliance . . . essential to every reasonable objective of the statute." *Id.*

The state additionally relies upon *State v. Crandall,* 133 Wis. 2d 251, 394 N.W.2d 905 (1986), where the defendant claimed that her refusal to submit to a breath test was improperly admitted as evidence in her trial for operating while intoxicated. The basis for Crandall's claim was that she had not been forewarned of this pos-

[2]By dicta, *Resler* is to the same effect. *Resler,* 151 Wis. 2d at 652, 446 N.W.2d at 74 (Ct. App. 1989).

sibility and therefore her due process rights were violated. *Id.* at 254, 394 N.W.2d at 906. The supreme court held that evidence of the refusal was properly admitted since neither due process considerations nor the statute required any such warning. *Id.* at 259–60, 394 N.W.2d at 908.

Unlike *Crandall,* this case does not present a due process claim. Nor does it present an evidentiary issue in a drunk driving trial. Rather, this case presents a statutory refusal proceeding in which the statute was not followed. We do not see *Crandall* as controlling here.

Next the state argues by footnote that even if the arresting officer did not comply with sec. 343.305(4), Stats., the error is harmless because the officer's reading of the "Informing the Accused" form did not influence Wilke to refuse. Rather, she initially agreed to take the test, but then refused when confronted with actually having to blow into the machine.

Although there is no apparent link between the information Wilke received from the officer and her final decision to refuse, we are bound by the clear language of the statute which mandates that a person's operating privileges not be revoked if sec. 343.305(4), Stats., is not followed. Sec. 343.305(9)(d); *see also Zielke,* 137 Wis. 2d at 54, 403 N.W.2d at 433. The legislature has clearly expressed its intent that a person be informed of all the information contained in sec. 343.305(4), if the person's license is to be revoked for refusing to submit to a chemical test for the presence of alcohol. If the law is to be changed to allow revocation when there is merely partial compliance with subsec. (4), or when there is no link between the information given the accused and the ulti-

mate refusal, that change must come from the legislature, not this court.

*By the Court.*—Order reversed.