STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph LUCARELLI, Defendant-Appellant.

Court of Appeals

*No. 90-0437-FT. Submitted on briefs May 24, 1990.—Decided August 15, 1990.*

(Also reported in 460 N.W.2d 439.)

On behalf of the defendant, the cause was submitted on the briefs of *Kathleen B. Stilling* of *Adelman, Adelman & Murray, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Kevin M. Osborne,* assistant district attorney, Waukesha county.

Before Nettesheim, P.J., Brown and Scott, JJ.

NETTESHEIM, P.J. Joseph Lucarelli appeals from an order revoking his driving privileges for refusing to submit to a chemical test. Lucarelli argues that the arresting officer failed to comply with sec. 343.305(4)(c), Stats. (1987-88), of the implied consent law.[1] This subsection requires that a person who is requested to submit to a chemical test be first advised that if the test results indicate a blood alcohol concentration of 0.10% or more, "the person will be subject to penalties and the person's operating privilege will be suspended." The trial court determined that Lucarelli was properly advised pursuant to the statute. We agree and affirm the revocation order.

The facts are not disputed. Lucarelli was arrested for operating a motor vehicle while intoxicated (OWI) by Waukesha County Deputy Sheriff David Wellman. Lucarelli was transported to Waukesha Memorial Hospital for purposes of a chemical test. At the hospital, Deputy Wellman read Lucarelli a Department of Transportation "Informing the Accused" form which mirrors the language of sec. 343.305(4), Stats., including subsec. (c) advising of the consequences of a test result in excess of the legal limit.

The trial court concluded that the warnings given Lucarelli complied with the requirements of the statute. In so doing, the court stated that its ruling might run contrary to the court of appeals' decisions in *County of Eau Claire v. Resler,* 151 Wis. 2d 645, 446 N.W.2d 72

---

[1]The relevant language of this statute will be found in 343.305(4)(c) (intro), effective January 1, 1991. Sec. 181, 1989 Wis. Act 105.

(Ct. App. 1989); and *State v. Wilke,* 152 Wis. 2d 243, 448 N.W.2d 13 (Ct. App. 1989). However, the court also indicated that this case was factually distinct from *Resler* and *Wilke.*

Although we affirm the trial court's ruling, we reject its readings of *Wilke* and *Resler.* We conclude that this case is governed by *Wilke*—not *Resler*—and that Lucarelli was properly informed in accord with the statute.

Lucarelli argues that an OWI suspect must be advised not only in terms of the statutory language in sec. 343.305(4)(c), Stats., but also of the *specific* penalties which might flow from a conviction for OWI, including a fine, forfeiture, suspension or revocation of driving privileges, point reduction and a possible jail sentence. Lucarelli's argument is based on *Resler* which states that the statute requires a warning of "these statutorily-prescribed penalties." *Resler,* 151 Wis. 2d at 651, 446 N.W.2d at 74. The trial court read *Resler* and *Wilke* as possibly governing this case, strongly criticized both decisions, and intimated that it would not follow them.

*Resler,* however, is not controlling. *Resler* involved an OWI prosecution in which an outdated "Advising the Accused" form advised only of the consequences for *refusing* to take the test. The form and the officer's verbal warnings in *Resler* failed to advise, contrary to sec. 343.305(4)(c), Stats., that additional penalties could flow from *taking* the test if the test result should be over the legal blood alcohol concentration limit. The issue in *Resler* was whether suppression of the chemical test result was appropriate in light of this noncompliance. The court of appeals concluded that suppression of the chemical test was not an appropriate sanction for such noncompliance. *Resler,* 151 Wis. 2d at 653, 446 N.W.2d at 75.

The instant case, however, is not an OWI prosecution where the question is suppression of the chemical test. Rather, this case is a revocation proceeding pursuant to the implied consent statute. *Resler* does not apply and the trial court's consideration of *Resler* was unnecessary.[2]

*Wilke*, like the present case, was also a revocation proceeding under the implied consent statute. *Wilke* noted this distinction from *Resler*. *Wilke*, 152 Wis. 2d at 249, 448 N.W.2d at 15. The only similarity with *Resler* was that Wilke was advised via the same outdated "Advising the Accused" form that was used in *Resler*.

The issue here is the same as in *Wilke:* "[Wilke] argues that the officer did not inform her of all the information contained in sec. 343.305(4), Stats." *Wilke*, 152 Wis. 2d at 247, 448 N.W.2d at 14. With the issue thus narrowed, *Wilke* did not address the further question gratuitously taken up in *Resler*—whether sec. 343.305(4)(c) requires a recital of the various penalties which could flow from taking the test.

*Wilke* held that suspension of an operating privilege in such a setting is improper because: (1) the statute clearly requires a warning that penalties could result from taking the test; and (2) sec. 343.305(9)(d), Stats., expressly precludes action against a person's operating privilege when the person is not advised pursuant to the statute. *Wilke,* 152 Wis. 2d at 251, 448 N.W.2d at 16.

---

[2]Even if this were a *Resler* case, the *Resler* court's comment that sec. 343.305(4)(c), Stats., requires that the suspect be advised of all possible OWI penalties was gratuitous and not necessary to the ultimate holding that suppression was an inappropriate remedy for law enforcement noncompliance with the procedures of the implied consent law. As such, the *Resler* language relied upon by Lucarelli is dictum.

The fatal defect in *Wilke*—failure to advise in the words of the statute that "the person will be subject to penalties" should the test result exceed the legal blood alcohol concentration limit—is not present here. The state made this very point to the trial court when addressing *Wilke*. The court, however, failed to recognize that *Wilke* supported, rather than undermined, its ruling. Instead, the court superimposed *Resler's* dictum on *Wilke* and read the two cases as standing for the same rule—an OWI suspect requested to submit to a chemical test must first be advised of the litany of *specific* penalties that could result from an OWI conviction.

■

A fundamental precept of appellate review holds that an appellate court generally will not decide questions not necessary or material to the determination of the cause. *See Schumm v. Milwaukee County,* 258 Wis. 256, 266, 45 N.W.2d 673, 678 (1951). In *Wilke,* the officer did not even address the prospect of penalties resulting from taking the test. Thus, *Wilke* did not discuss, much less decide, whether "penalties" as used in sec. 343.305(4)(c), Stats., extended to the litany of penalties suggested in *Resler.*

*Wilke* holds only that a failure to advise in the words of the statute precludes action against the suspect's driving privileges. *Wilke,* 152 Wis. 2d at 248, 448 N.W.2d at 14–15. It says no more and no less. Although the trial court's ultimate ruling in this case was correct, its blending of *Resler* and *Wilke* was incorrect and its strong criticism that *Wilke* improperly usurped the legislative function was unwarranted.[3]

---

[3]The transcript of the trial court's remarks states that the court of appeals usurped the "judicial" function. We assume the trial court misspoke and meant to say the "legislative" function.

We conclude that the warning given to Lucarelli that he could be "subject to penalties" if he submitted to a chemical test satisfied the mandate of sec. 343.305(4)(c), Stats.

*By the Court.*—Order affirmed.