STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert J. ALGAIER, Jr., Defendant-Appellant.

Court of Appeals

*No. 91–0374–CR. Submitted on briefs October 14, 1991.—Decided November 6, 1991.*

(Also reported in 478 N.W.2d 292.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Sandra J. Zenor,* of Hartland.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Paul E. Bucher,* district attorney, and *Kevin M. Osborne,* assistant district attorney, of Waukesha county.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

NETTESHEIM, P.J. Robert J. Algaier, Jr. appeals from a judgment of conviction for the misdemeanor offense of operating a motor vehicle while intoxicated (OAWI), pursuant to sec. 346.63(1)(a), Stats. Algaier was charged and sentenced as a repeat offender.

The issue on appeal is whether the trial court properly admitted evidence of Algaier's refusal to submit to a chemical test where Algaier was not fully informed under the implied consent law. We conclude that evidence of such a refusal is not admissible. We reverse the judgment and remand for a new trial.

## FACTS

The facts are straightforward. On November 8, 1988, Officer Mark Stigler arrested Robert J. Algaier, Jr. for operating a motor vehicle while intoxicated (OAWI).

Officer Stigler transported Algaier to Waukesha Memorial Hospital for OAWI processing. At the hospital, Officer Stigler read Algaier an "Informing the Accused" form which correctly advised of the consequences for refusing to submit to a chemical test but which did not advise of the consequences for submitting to the test. Algaier refused to submit to the test.

As a result, the state charged Algaier with improperly refusing the test under the implied consent law. Algaier requested and received a refusal hearing. At the conclusion of the hearing, the circuit court dismissed the action because Officer Stigler had not advised Algaier of the consequences for taking the test pursuant to the requirements of sec. 343.305(4)(c), Stats. This ruling was consistent with this court's holding in *State v. Wilke,* 152 Wis. 2d 243, 448 N.W.2d 13 (Ct. App. 1989).[1]

---

[1]Although the circuit court chose to follow *State v. Wilke,* 152 Wis. 2d 243, 448 N.W.2d 13 (Ct. App. 1989), the court also registered its disagreement with the decision. The court urged the supreme court to accept the then pending petition for review in *Wilke,* expressing its view that the supreme court should reverse the decision. Subsequently, the supreme court denied the petition for review in *Wilke.*

Although expressing its disagreement with *Wilke,* the circuit court did not explain how it would determine that Officer Stigler had complied with sec. 343.305(4), Stats., in the face of the uncontroverted evidence to the contrary. The court must make such a finding before it can impose the implied consent penalties. *See* sec. 343.305(9)(d). As we observed in *Wilke,* the statute is clear that implied consent penalties cannot be imposed unless the statute is followed. It may be, as the circuit court complained, that the statute requires the officer to "prattle" about matters not substantive to implied consent concerns. We expressed a similar concern when we spoke to the apparent lack of linkage between the mandated information and the suspect's decision to refuse the test. *Wilke,* 152 Wis. 2d at 251, 448 N.W.2d at 16. However, we

However, at the jury trial on the OAWI charge, the circuit court permitted the state to introduce evidence of Algaier's refusal despite the court's favorable ruling to Algaier in the implied consent proceeding. The jury found Algaier guilty. He appeals.

## ANALYSIS

In *State v. Bolstad,* 124 Wis. 2d 576, 370 N.W.2d 257 (1985), the supreme court held that evidence of a refusal to submit to a chemical test was admissible in an OAWI trial. The court ruled "[t]hat refusal evidence is relevant, because it makes more probable the crucial fact of intoxication, because . . . '[a] reasonable inference from refusal to take a mandatory [blood alcohol] test is consciousness of guilt.' " *Id.* at 585, 370 N.W.2d at 262 (quoting *State v. Albright,* 98 Wis. 2d at 663, 668, 298 N.W.2d 196, 200 (Ct. App. 1980).

However, in *Bolstad,* the suspect was fully and correctly informed under the implied consent law before he refused the test for reasons not permitted by the statute. Such is not the case here. The trial court has correctly found that Officer Stigler did not fully inform Algaier under the implied consent law and the court has correctly ruled that Algaier's refusal is excused under the implied consent law.

██ The issue on appeal is the effect of this ruling on the OAWI prosecution. We conclude that this case is governed by the supreme court's decision in *State v. Zielke,* 137 Wis. 2d 39, 403 N.W.2d 427 (1987). Although the specific issue in *Zielke* was the admissibility of chemical

chose not to substitute our judgment for that of the legislature, concluding that any change in the law must come from the legislature. *Id.* at 251-52, 448 N.W.2d at 16.

test evidence, the supreme court nonetheless addressed Wisconsin's implied consent law on a broad scale. The court held:

> The same due process considerations operating in *Crandall* lead this court to conclude that the fact of refusal cannot be used in a subsequent trial involving operating a motor vehicle while intoxicated if the defendant has not been duly advised under sec. 343.305(3)(a), Stats. [the implied consent law, sec. 343.305(4),Stats.].

*Id.* at 50–51, 403 N.W.2d at 432. The court went on to say:

> Thus, to obtain the benefit of using refusal evidence in the criminal prosecution for the substantive offense involving intoxicated use of a vehicle, police must provide the warnings set forth in sec. 343.305.

*Id.* at 51, 403 N.W.2d at 432.

██
The breadth of this language clearly encompasses this case. Nonetheless, the state contends that we should not apply *Zielke* because there the authorities did not employ the implied consent law when obtaining Zielke's consent and his blood sample. While this distinction is accurate, we are hesitant to so casually ignore such clear language from the supreme court. We previously certified this case to the Wisconsin Supreme Court, inquiring whether the court wished to stand by its *Zielke* language in this differing fact situation. The court declined to accept jurisdiction over this appeal. Thus, the governing precedent on this question is *Zielke*.[2]

---

[2]We do not use the supreme court's denial of our request for certification to determine the merits of this case. *See State v. Shillcutt,* 119 Wis. 2d 788, 806, 350 N.W.2d 686, 695 (1984).

Here, Officer Stigler did not fully inform Algaier under the implied consent law. Regardless of the differing facts of *Zielke,* the supreme court has ruled that when the implied consent law is not followed, evidence of the refusal cannot be used in the underlying OAWI prosecution.[3] We are not free to ignore *Zielke.*

*By the Court.*—Judgment reversed and cause remanded.

Rather, we note the supreme court's denial of the certification request leaves *Zielke* as the controlling precedent on the question.

[3] We make no judgment as to whether evidence of a refusal is admissible on other grounds not urged on this appeal.