Ronald L. BENNETT and Midwest Family Mutual Insurance Company, Plaintiffs-Respondents,

v.

WEST BEND MUTUAL INSURANCE COMPANY and Becky E. Schreiter, Defendants-Appellants,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY and Sue Etheridge, Defendants.

Court of Appeals

*No. 95–2673. Submitted on briefs January 22, 1996.—Decided February 21, 1996.*

(Also reported in 546 N.W.2d 204.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *William J. Evans* of *Law Offices of James J. Pauly* of West Bend.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Peter M. Farb* of *Gabert, Williams & Farb* of Appleton.

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J.    Becky E. Schreiter and West Bend Mutual Insurance Company (collectively West Bend) appeal from a trial court judgment in favor of Ronald L. Bennett and Midwest Family Mutual Insurance Company (collectively Midwest Family). We conclude that § 704.07(3)(a), STATS., prevents a tenant from claiming coinsured status under the landlord's fire insurance policy for purposes of subrogation where the lease is silent as to fire insurance coverage. Accordingly, we affirm the trial court.

Bennett owned property which he insured through Midwest Family. The property was a duplex with one

side being rented to Schreiter and the other to Sue Etheridge. A fire occurred on the premises resulting in damage to the property. It is undisputed that Schreiter's lease contained no language regarding fire insurance.

Midwest Family commenced a subrogation action against Schreiter and her insurer, West Bend, for the damages sustained by Bennett. The complaint alleged that one or both of the tenants stored gasoline in the basement of the duplex near the water heater. In March 1994, according to the complaint, the gasoline escaped from its container and was ignited by the water heater which resulted in a fire. Midwest Family alleged that the fire was caused by one or both of the tenants' negligence. West Bend denied that its insured was negligent.

West Bend filed a motion for summary judgment asserting that Schreiter was an implied insured under Midwest Family's insurance policy. The trial court denied the motion.

A jury trial was held. The jury found that Schreiter, Etheridge and Bennett were negligent and that their negligence was a cause of the fire. The apportionment of negligence was as follows: 45% of the negligence was attributed to Schreiter, 20% of the negligence was attributed to Etheridge and 35% of the negligence was attributed to Bennett. Midwest Family's motion for judgment on the verdict was granted. The trial court denied West Bend's motion for judgment notwithstanding the verdict. West Bend appeals.

West Bend argues that "[t]he landlord's insurer has no right of subrogation against the landlord's tenants." It asserts that tenants are implied coinsureds because the tenants pay the fire insurance premiums as part of their rental payments. In contrast, Midwest

Family argues that the assumption that rent is set in consideration of the insurance premium is erroneous: "The evidence in the case at bar destroys the assumption . . . .. The landlord, Mr. Bennett, testified that he did not determine the rent based on his costs, but on the market value."

West Bend also argues that to allow a landlord's insurer to subrogate against a tenant is contrary to the reasonable expectations of the parties. It quotes *New Hampshire Ins. Group v. Labombard*, 399 N.W.2d 527, 531 (Mich. Ct. App. 1986), for the following proposition: "Tenants reasonably expect that, by effectively contributing to the premium payments, they will occupy a position akin to the insured and will be free from tort liability for negligently caused fire damage to the premises." Midwest Family, however, argues that West Bend did not submit any evidence of the tenants' expectations concerning insurance.

Whether Midwest Family has subrogation rights against the negligent tenants for causing a fire in the duplex is a question of law. When facts are undisputed and questions of law remain, we review the trial court's decision de novo. *State v. Wilke*, 152 Wis. 2d 243, 247, 448 N.W.2d 13, 14 (Ct. App. 1989).

Chapter 704 of the Wisconsin Statutes provides for the rights and duties between landlords and tenants. In particular, § 704.07(3)(a), STATS., states:

> If the premises are damaged by the negligence or improper use of the premises by the tenant, the tenant must repair the damage and restore the appearance of the premises by redecorating. However, the landlord may elect to undertake the repair or redecoration, and in such case the tenant must reimburse the landlord for the reasonable cost

316

thereof; the cost to the landlord is presumed reasonable unless proved otherwise by the tenant.

This provision cannot be waived by an agreement between the parties. *See* § 704.07(1) (stating that this section applies to all residential tenancies and that "[a]n agreement to waive the requirements of this section in a residential tenancy is void").

We conclude that this statutory provision prevents a tenant who negligently causes damage to a landlord's property to escape responsibility for the repairs which were paid by the landlord's insurer. A tenant is required by statute to pay for damage to the property caused by his or her negligence. *See* § 704.07(3)(a), STATS. This is the case regardless of whether the landlord or the landlord's insurer initially pays for the damage.

Although West Bend cites case law from other jurisdictions where courts have held that the tenant was a coinsured on the landlord's fire insurance policy, these jurisdictions do not have, as far as we know from the opinions, a statutory equivalent of § 704.07(3)(a), STATS. Because we conclude that § 704.07(3)(a) dictates our decision here, we need not address West Bend's arguments concerning premiums and reasonable expectations.

*By the Court.*—Judgment affirmed.