SUPERIOR STEEL PRODUCTS CORPORATION and another, Plaintiffs and Appellants, vs. ZBYTONIEWSKI, Defendant and Respondent: JANISZEWSKI, Interpleaded Defendant and Appellant.

*May 5—June 1, 1955.*

246

For the appellants there were briefs and oral argument by *Thomas J. Regan* of Milwaukee.

For the respondent there was a brief and oral argument by *Vernon E. Waters* of Milwaukee.

MARTIN, J. Sec. 85.06 (5), Stats., provides:

"Every motor vehicle, when in use upon, or parked upon or immediately adjacent to, a traveled portion of a highway shall display on the rear a tail lamp so constructed and placed to show a red light from the rear plainly visible from a distance of 500 feet to the rear of such vehicle. . . ."

After determining the position of the parked car, as previously described, the trial court found that the left rear portion was parked "on the gravel shoulder adjacent to the roadway," and further:

"It is the position of this court that the language in section 85.06 (5) covers the situation concerning the plaintiff's car in that it was parked 'adjacent to the traveled portion of the highway' and therefore it is required to have a taillight as is provided in that section of the statute."

Upon review the circuit court stated:

"Strictly, the word 'immediately' means 'right next to,' but if so construed here the statute would apply only if the parked automobile was right next to the edge of the concrete pavement, and would not apply to any other situations just as dangerous. The legislative intention must have been that the words were to be construed with some latitude, depending upon the factual situation involved. Accordingly, it cannot be said that the parked automobile was so far from the edge of the concrete pavement as not to be in a place of danger to an automobile driven on the concrete pavement, meeting an oncoming automobile on its side of the road, blinding the driver momentarily and his driving onto the gravel shoulder to avoid a collision with the oncoming automobile, and colliding with the parked automobile. While the distance of eight feet is greater by between one to two feet than the width of an average automobile, it was not too much greater as to take it out of a place of danger. Some latitude in width of space would have to be allowed the driver in such a situation to safely handle his vehicle. It cannot be held that the trial court did not properly apply the statute under facts in this case."

The word "adjacent" in its ordinary usage means "near to" or "close to," but does not imply actual physical contact as do the words "adjoining" or "abutting." If the legislature had used only the word "adjacent" in the section referred to, we would have to agree with the trial court's application of the statute to the facts in this case. But the phrase used in the section is "immediately adjacent to" and it must be assumed

that the legislature intended the ordinary qualifying meaning of the word "immediately." When "immediately" is used to qualify the word "adjacent," the phrase takes on the meaning of "adjoining,"—with no space intervening. There is nothing vague or ambiguous about the language used in the statute and it must be given the effect of its plain and ordinary meaning.

Since it is not disputed that plaintiff's automobile was parked eight feet from the traveled portion of the highway, it must be held as a matter of law that the provisions of sec. 85.06 (5), Stats., did not apply. In view of the language used there can be no such latitude in its application as the lower court employed.

Violation of the statute was the only negligence found against Casimir Janiszewski. The finding of causal negligence on the part of defendant Adelbert Zbytoniewski, not being appealed from, must stand.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss the cross complaint against Casimir Janiszewski and enter judgment for the plaintiffs against Adelbert Zbytoniewski for $1,350, as stipulated.