

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 20, 1958

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-521

Re: Whether the phrase
"Junior Colleges located
immediately adjacent to
state boundary lines,"
as used in Subsection (e)
(3), Section 1 of Article
2654c, known as the Col-
lege Tuition Law, applies
to certain Junior College
Districts, the boundaries
of which do not adjoin the
State boundary line.

Dear Dr. Edgar:

　　　　Your request for an opinion recites that Article
2654c of Vernon's Civil Statutes prescribes the tuition rates
to be charged at the several institutions of higher learning
supported in whole or in part by public funds appropriated
from the State Treasury.　Subsection (e) (3) of Section 1 of
this Article, however, provides in part:

　　　　　　" . . . 'and provided further, that the
　　　provisions of this paragraph relating to
　　　non-resident student registration fees shall
　　　not apply to junior colleges located immediate-
　　　ly adjacent to State boundary lines, which in-
　　　stitutions shall collect from each non-resident
　　　student who registers for twelve (12) or more
　　　semester or term hours of work an amount equiv-
　　　alent to the amount charged students from
　　　Texas by similar schools in the State of which
　　　the said non-resident student shall be a resi-
　　　dent."　(Emphasis ours.)

　　　　In view of the foregoing, you ask whether a junior
college, the boundary line of which does not adjoin the State
boundary line, but which is located in whole or part in a
county which does so adjoin, would be considered a junior col-
lege located "immediately adjacent to State boundary lines,"
within the meaning of the above quoted statutory provision.

Dr. J. W. Edgar, page 2  (WW-521)


As was pointed out in the case of Long v. London & Lancashire Indemnity Co. of America, C.C.A. Ohio, 119 F.2d 628, the phrase "immediately adjacent" is synonymous with the phrase "immediately adjoining" and excludes the existence of any intervening space. By the use of the adverb "immediately" in conjunction with the word "adjacent" we believe that the Legislature intended that there should be direct contact between the boundary line of the Junior College District and the State boundary line. Steel Products Corp. v. Zbytoniewski, 70 N.W.2d 671, 270 Wis. 245; Parsons v. Town of Wethersfield, 60 A.2d 771, 135 Conn. 24, 4 A.L.R.2d 330; Pickens v. Maryland Casualty Co., 2 N.W.2d 593. It would not suffice for the Junior College District to be located in a county the boundaries of which were contiguous to the State boundary line.

This view is consistent with the administrative construction which has been given this section of Article 2654c since its enactment by Acts, 50th Legislature, Regular Session, 1947, Chapter 218, page 391.

You are accordingly advised that it is our opinion that a Junior College is not immediately adjacent to the State boundary line unless the boundary line of the Junior College District adjoins or makes direct contact with the State boundary line.

## SUMMARY

A Junior College is not immediately adjacent to the State boundary line within the meaning of Subsection (e) (3) of Section 1 of Article 2654c unless the boundary line of the Junior College District adjoins or makes direct contact with the State boundary line.

Yours very truly,

WILL WILSON
Attorney General of Texas

By  Leonard Passmore

Leonard Passmore
Assistant

LP:mfh:wb

Dr. J. W. Edgar, page 3  (WW-521)


APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Wm. R. Hemphill
William E. Allen
Thomas Burrus

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert