888 F.2d 1228
 12 U.S.P.Q.2d 1829, 17 Media L. Rep. 1048
 BURLINGTON NORTHERN RAILROAD COMPANY, Appellee,
v.
OMAHA PUBLIC POWER DISTRICT, Appellee.
Appeal of NEBRASKA PUBLIC POWER DISTRICT.
BURLINGTON NORTHERN RAILROAD COMPANY, Appellant,
v.
OMAHA PUBLIC POWER DISTRICT and Nebraska Public Power
District, Appellees.
 Nos. 88-2571, 88-2608.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 11, 1989.
Decided Nov. 1, 1989.
 
 James A. Eske, Lincoln, Neb., for appellant.
 Steven Reed, Washington, D.C., for appellees.
 Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 Burlington Northern Railroad Company's contract to transport coal for Omaha Public Power District was held to be a trade secret under the Nebraska Public Records Act, Neb.Rev.Stat. Sec. 84-712.05 (Reissue 1987), and therefore not subject to public disclosure as sought by Nebraska Public Power District. Nebraska Power appeals and argues that Omaha Power did not raise the issue of whether the contract contained trade secrets, and that this issue was not relevant to its cross-claim against Omaha Power, particularly when Burlington's arguments to prevent disclosure had been rejected by the district court. Alternatively, Nebraska Power asserts that the terms of the contract are not trade secrets, and therefore are not exempt from public disclosure. Burlington cross-appeals, arguing that the district court should be affirmed on grounds of preemption or, alternatively, that Burlington should be permitted to litigate its claims under the Nebraska Trade Secrets Act and the takings clause of the Constitution. We do not reach Burlington's arguments as we affirm the judgment of the district court.[1]
 
 
 2
 Burlington contracted with Omaha Power to transport coal by rail to Omaha Power's electric generating stations in Nebraska City and Omaha, Nebraska. As required by federal law, the contract was filed under seal with the Interstate Commerce Commission. The contract contained a confidentiality clause which required Omaha Power to notify Burlington if disclosure of the contract was requested, and to not comply with the request if Burlington brought suit to block disclosure within thirty days. On December 16, 1987, Nebraska Power wrote to Omaha Power requesting disclosure of Burlington's rate tariff and any associated contract pertaining to coal delivery to the Nebraska City station. Omaha Power notified Burlington of Nebraska Power's request for disclosure and Burlington brought this action against both Omaha Power and Nebraska Power to prevent disclosure of the contract.
 
 
 3
 Burlington claimed that disclosure was prohibited by section 208 of the Staggers Rail Act of 1980, codified at 49 U.S.C.A. Sec. 10713 (Supp.1989), the ICC regulations implementing the Act, and the trade secrets exemption to the Nebraska Public Records Act, Neb.Rev.Stat. Sec. 84-712.05(3).[2] In a cross-claim against Omaha Power, Nebraska Power claimed that the Nebraska Public Records Act required Omaha Power to disclose the terms of its contract with Burlington. Nebraska Power reasoned that since both Nebraska Power and Omaha Power were public bodies, and contracts entered into by public bodies were public records, disclosure was required. Furthermore, Nebraska Power asserted that if Omaha Power denied the request for disclosure, the denial must be accompanied by a written statement of the basis for denial. See Neb.Rev.Stat. Sec. 84-712.04(1).
 
 
 4
 Burlington requested a temporary restraining order, which was denied following an ex parte hearing. The district court then heard Burlington's motion for a preliminary injunction, examined the contract in camera, and denied that motion also. The district court found that Burlington had shown little likelihood of success on either its claim of preemption or its claim that disclosure was prohibited under the trade secret exemption to the Nebraska Public Records Act.
 
 
 5
 On August 24, 1988, the district court entered the order which is the subject of this appeal and cross-appeal. The court first denied Burlington's request for leave to amend its complaint to include a cause of action based on the recently enacted Nebraska Trade Secrets Act, Neb.Rev.Stat. Secs. 87-501 to 87-507 (Supp.1988), because Burlington's cause of action arose before the effective date of the Act. As to Burlington's claim against Nebraska Power, the court granted Nebraska Power's motion for judgment on the pleadings because it found that the Nebraska Public Records Act was not preempted by the Staggers Act, and that the Nebraska Public Records Act did not provide a cause of action for Burlington to prevent disclosure.
 
 
 6
 The district court then considered Nebraska Power's cross-claim against Omaha Power seeking disclosure of the contract under the Nebraska Public Records Act. The court recited in detail its reasons for concluding that the contract was a trade secret, and held the contract was therefore exempt from the disclosure provisions of the Act. The court noted that Burlington had provided the evidence on the trade secret issue for the benefit of Omaha Power and concluded that Omaha Power's burden of proving that the contract was a trade secret had been met by the greater weight of the evidence. Accordingly, the court denied Nebraska Power's motion for summary judgment on its cross-claim against Omaha Power. The court then ordered the contract sealed against disclosure except for purposes of appeal.
 
 
 7
 Both Burlington and Nebraska Power sought reconsideration of the district court's decision. The court denied both motions. It again refused to allow Burlington leave to amend its complaint to allege a cause of action based on the Nebraska Trade Secrets Act because it found that amendment would present new factual issues which would alter the issues raised by Burlington's motion for summary judgment. Nebraska Power sought reconsideration because of the court's holding that the trade secret exemption applied, which had the effect of prohibiting Omaha Power from disclosing the contract, even though Omaha Power had never raised the issue of exemption. In response, Omaha Power asserted that it had not raised the issue earlier because it had preferred to let the court determine the issue, but now that the court had determined that the contract was indeed a trade secret, Omaha Power would abide by that determination and refuse to disclose the contract. It offered to file its own motion for summary judgment in order to cure any procedural defects; however, the court found such an action to be unnecessary. This appeal followed.
 
 I.
 
 8
 Nebraska Power asserts that the district court committed procedural errors which render the court's judgment invalid. It argues that it was improper to deny its cross-claim against Omaha Power based on the exemption for trade secrets both because Omaha Power had never raised the issue of its contract with Burlington containing trade secrets, and because that issue was irrelevant to deciding Nebraska Power's cross-claim. Nebraska Power argues that Omaha Power was willing to disclose the contract except for the fact that Burlington had filed suit to prevent disclosure. Once the district court found Burlington's assertions to be without merit and dismissed its suit, Nebraska Power argues that Omaha Power should have disclosed the contract. Nebraska Power asserts that the district court, by proceeding on its own motion to grant summary judgment to Omaha Power on Nebraska Power's cross-claim,[3] effectively prevented Nebraska Power from gaining access to the contract. Nebraska Power insists that Omaha Power's prior failure to assert that the contract was exempt from disclosure under the Nebraska Public Records Act makes its current refusal to disclose contrary to the plain language and intent of the Act. We reject these arguments of Nebraska Power.
 
 
 9
 We see no failure on the part of Omaha Power that prevents the district court from entering its order. It is not contested that Omaha Power sought the aid of the court in deciding whether disclosure should be made. When Burlington filed suit, Omaha Power answered by saying that it was for the court to determine whether to require public disclosure of the Burlington Northern and Omaha Power rail transportation contract. In answering Nebraska Power's cross-claim, Omaha Power stated that it would comply with any order of the court regarding disclosure of the contract. The Nebraska Public Records Act neither precludes a public body from seeking judicial guidance nor dictates that a public body provide written notice of denial to parties requesting disclosure before seeking a judicial determination. See Neb.Rev.Stat. Secs. 84-712.01 to 84-712.09. In fact, the Act grants courts significant power in an action such as this by providing for de novo judicial review of disclosure determinations. Id. Sec. 84-712.03. The court is not required to give any deference to the custodian of records' conclusions pertaining to disclosure issues. Id. In light of these statutory provisions, we must reject Nebraska Power's contention that Omaha Power was required to take a position on the disclosure issue prior to the court's determination.
 
 II.
 
 10
 The parties do not appear to challenge the district court's definition of the term "trade secrets" contained in the Nebraska Public Records Act. The Act exempts trade secrets from disclosure by providing that:
 
 
 11
 The following records ... may be withheld from the public by the lawful custodian of the records:
 
 
 12
 ....
 
 
 13
 (3) Trade secrets, academic and scientific research work which is in progress and unpublished, and other proprietary or commercial information which if released would give advantage to business competitors and serve no public purpose....
 
 
 14
 Neb.Rev.Stat. Sec. 84-712.05(3).
 
 
 15
 The district court noted that Nebraska state courts had not defined "trade secrets" in the context of the Act; however, the court concluded that the Nebraska Supreme Court would adopt the definition provided by the Restatement of the Law of Torts if ever faced with this issue. The court derived the following definition from the Restatement, and Nebraska Power does not challenge this aspect of the opinion:
 
 
 16
 (1) that the trade secret may consist of a "formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it;" (2) that the trade secret must be "for continuous use in the operation of the business;" (3) that it may "relate to the sale of goods or to other operations in the business, such as a code for determining discounts, rebates, or other concessions in a price list or catalog, or a list of specialized customers, or a method of bookkeeping or other office management;" (4) that the trade secret must be secret and not generally known to the public or the industry; and (5) that the factors to be considered in determining whether a trade secret exists relate to the efforts of the owner to keep the information secret and its competitive value if disclosed.
 
 
 17
 Burlington N. R.R. v. Omaha Pub. Power Dist., 703 F.Supp. 826, 831 (D.Neb.1988) (quoting Restatement of the Law of Torts Sec. 757 comment b (1939)).
 
 
 18
 The court conducted an in camera review of the contract and also considered other evidence by affidavit on the issue of whether the contract contained trade secrets, specifically evidence provided by Burlington. The court focused on a formula developed by Burlington for escalation of the base contract rate for coal transportation which was designed to give Burlington a competitive advantage in attracting utility customers. The court noted that Burlington had developed the formula at considerable effort and expense, and for continuous use in its operations. The court also found persuasive the fact that Burlington had gone to considerable lengths to prevent disclosure of the information, had not disclosed it to persons not directly involved in its use, had negotiated the contract to include a strict confidentiality requirement, and had vigorously prosecuted this action to prevent disclosure.
 
 
 19
 Nebraska Power challenges the court's finding that the contract contained trade secrets because of the nature of the information in issue here: pricing information and terms. Nebraska Power asserts that the Nebraska Public Records Act was not designed to protect the confidentiality of information of this nature. It relies on Wisconsin Electric Power Co. v. Public Service Commission, 110 Wis.2d 530, 329 N.W.2d 178 (1983), which held that pricing and cost information related to the construction of a nuclear power plant was not entitled to protection from public disclosure as a trade secret. Id. 329 N.W.2d at 182. The court in Wisconsin Electric, however, found that the pricing terms in issue involved a single event in the conduct of a business, id., while the district court found here that Burlington planned to use the terms in issue in the continuous operation of its business. This distinction is critical.
 
 
 20
 Nebraska Power asserts that the document in issue here is a bilateral contract entered into by a public body to which the public has a right of full access under the Nebraska Public Records Act.[4] Nebraska Power relies on Grein v. Board of Education, 216 Neb. 158, 343 N.W.2d 718 (1984), for further support of the principle that the public has the right to disclosure of contracts involving the expenditure of public funds. While this general principle is undoubtedly true, and is embodied in the Nebraska Public Records Act as well, it is subject to the statutory exceptions to disclosure contained in the Act. These exceptions demonstrate that the legislature intended to exempt certain records of public bodies from disclosure to the public.
 
 
 21
 We believe that the arguments of Nebraska Power are fully answered by the district court's conclusion that the combination of rate and service terms in the contract formed a pattern that was in continuous use in the operation of Burlington's business. Nebraska Power did not attempt to demonstrate that this holding was in error, nor did it attempt to show that the contact was simply an isolated incident in the conduct of Burlington's business. The facts underlying the determinative issues are, therefore, uncontroverted. Similarly, the claimed procedural irregularities create no right to disclosure. The district court did not err in its determination that the contract and its pricing formula was a trade secret.
 
 
 22
 Our determination of these issues makes it unnecessary to consider Burlington's preemption arguments. We affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska
 
 
 [2]
 The general disclosure provision of the Nebraska Public Records Act states:
 Public records; free examination; memorandum and abstracts. Except as otherwise expressly provided by statute, all citizens of this state, and all other persons interested in the examination of the public records, as defined in section 84-712.01, are hereby fully empowered and authorized to examine the same, and to make memoranda and abstracts therefrom, all free of charge, during the hours the respective offices may be kept open for the ordinary transaction of business.
 Neb.Rev.Stat. Sec. 84-712.
 The exemption provision in issue here states:
 Records which may be withheld from the public; enumerated. The following records, unless publicly disclosed in an open court, open administrative proceeding, or open meeting, or disclosed by a public entity pursuant to its duties, may be withheld from the public by the lawful custodian of the records.
 ....
 (3) Trade secrets, academic and scientific research work which is in progress and unpublished, and other proprietary or commercial information which if released would give advantage to business competitors and serve no public purpose....
 Id. Sec. 84-712.05(3).
 
 
 [3]
 We summarily reject Nebraska Power's assertion that the district court erred by entering judgment in favor of Omaha Power even though it had not filed a motion for summary judgment. It is within the court's power to grant summary judgment sua sponte against the moving party, lacking a cross-motion, where the party against whom the judgment is entered has had a full and fair opportunity to contest that there are no genuine issues of material fact to be tried and the party granted judgment is entitled to it as a matter of law. Morrissey v. Curran, 423 F.2d 393, 399 (2d Cir.), cert. denied, 399 U.S. 928, 90 S.Ct. 2245, 26 L.Ed.2d 796 (1970); Rowse v. Platte Valley Livestock, 597 F.Supp. 1055, 1060 (D.Neb.1984); 6 Moore's Federal Practice p 56.12 (2d ed. 1988); see also Fed.R.Civ.P. 54(c) (court may grant relief which has not been requested by a party). The district court decided that Nebraska Power, as a matter of law, was not entitled to judgment and that judgment should be entered against it, and we perceive no procedural bar to this decision
 
 
 [4]
 The statute relied upon provides:
 Sections 84-712 to 84-712.03 shall be liberally construed whenever any ... record of receipt, cash, or expenditure involving public funds is involved in order that the citizens of this state shall have full rights to know of, and have full access to information on the public finances of the government and the public bodies and entities created to serve them.
 Neb.Rev.Stat. Sec. 84-712.01(2).