Lloyd BRAZEAU, Petitioner-Appellant,†

v.

DEPARTMENT OF HEALTH & SOCIAL SER-
VICES, City of Green Bay, and Darlene Radzinski,
Respondents.

Court of Appeals

*No. 89-1347. Submitted on briefs October 30, 1989.—Decided
February 20, 1990.*

(Also reported in 454 N.W.2d 32.)

†Petition to review denied.

For petitioner-appellant there were briefs submitted by *Thomas P. Godar* and *John D. Wilson* of *Michael, Best & Friedrich* of Madison.

For respondent, Department of Health & Social Services, there was a brief submitted by *Donald J. Hanaway,* attorney general, and *Donald P. Johns,* assistant attorney general.

For respondent, City of Green Bay, there was a brief submitted by *Timothy J. Kelley,* city attorney, Green Bay.

For respondent, Darlene Radzinski, there was a brief submitted by *William Hinkfuss* of *Hinkfuss, Sickel, Petitjean & Long* of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Lloyd Brazeau appeals a judgment and an order that denied his petition for declaratory judgment and permanent injunction. Brazeau sought to bar Darlene Radzinski from opening a new community based residential facility for the elderly "adjacent" to his community based residential facility for the elderly. The Wisconsin Department of Health and Social Services and the City of Green Bay have respectively granted Radzinski an operating license and zoning permit. Brazeau contends that the city violated sec. 62.23(7)(i)1, Stats., when it granted Radzinski her zoning permit for a residential facility "adjacent" to his. We reject his argument and affirm the judgment and order.

The dispute concerns two community based residential facilities licensed under sec. 46.03(22), Stats. Brazeau owns one of the residential facilities, which he currently operates as two licensed eight-bed homes for the elderly. He also owns an easement to park vehicles on a fifty foot strip immediately east of his parcel. Radzinski owns a lot and residential facility east of the fifty foot strip. She purchased the residential facility for the purpose of operating her own home for the elderly. In spite of continuing objections by Brazeau, Radzinski eventually obtained both a state operating license and a city zoning permit. At the same time, Brazeau sought a declaratory judgment that sec. 62.23(7)(i)1, Stats., barred Radzinski from operating a competing "adjacent"

residential facility. In an attempt to stop her operation, Brazeau also sought injunctive relief to enforce the declaratory judgment.

Section 62.23(7)(i)1, Stats., addresses municipal zoning power. It describes and controls a municipality's zoning power over community living arrangements. The statute prohibits such residential facilities within 2,500 feet of each other unless a city ordinance authorizes a lesser distance. Section 62.23(7)(i)1, Stats. The statute permits residential facilities to seek exceptions from whatever distance requirement exists, and it empowers the city to grant exceptions in the municipality's discretion. Sec. 62.23(7)(i)1, Stats. The legislation also allows two residential facilities to be "adjacent" only if the city approves the location and if both residential facilities comprise essential components of a single program. Sec. 62.23(7)(i)1, Stats. The legislature, however, failed to define the term "adjacent." Brazeau contends that "adjacent" means nearby and thereby prohibits Radzinski from opening a residential facility near his.

The term "adjacent" can denote different things in different statutory contexts. For example, sometimes the term means adjoining, abutting, or contiguous, not merely nearby. *See Kind v. Vilas County,* 56 Wis. 2d 269, 274, 201 N.W.2d 881, 884 (1972). In those instances, a lot is not adjacent to another whenever a third strip of land intervenes. *Id; see also City of Waukesha v. Salbashian,* 128 Wis. 2d 334, 355, 382 N.W.2d 52, 60 (1986); *Town of Lake v. City of Milwaukee,* 255 Wis. 419, 421, 39 N.W.2d 376, 378 (1949). Other times, while applying other statutes, courts have interpreted "adjacent" to mean simply nearby, not adjoining, abutting or contiguous. *See Superior Steel Prod. Corp. v. Zbytoniewski,* 270 Wis. 245, 247–48, 70 N.W.2d 671, 673 (1955); *Hennessy v. Douglas County,* 99 Wis. 129,

136-37, 74 N.W. 983, 985 (1898). These cases demonstrate that "adjacent" is a relative term, having general and specific meanings, defined by its statutory context.

Inasmuch as reasonable persons can disagree on the meaning of "adjacent," what the term means in sec. 62.23(7)(i)1 is ambiguous. *State v. Williquette*, 129 Wis. 2d 239, 248, 385 N.W.2d 145, 149 (1986). We resolve this ambiguity by applying the rule that statutes must be construed to avoid making words or phrases superfluous. *Wisconsin Elec. Power v. Public Serv. Comm'n*, 110 Wis. 2d 530, 534-35, 329 N.W.2d 178, 181 (1983). Brazeau's proposed definition for "adjacent" would render the discretion granted cities by the statute superfluous. Almost all residential facilities lying within 2,500 feet of each other can be considered nearby. If "adjacent" means nearby, sec. 62.23(7)(i)1's prohibition against "adjacent" residential facilities would prevent a city from authorizing two independent residential facilities within 2,500 feet. This construction would negate the statute's express grant of discretion to cities to allow independent residential facilities within 2,500 feet. The legislature could not have intended such an incongruous result. It therefore must have intended "adjacent" to mean not merely nearby, but contiguous.

We next conclude that the relevant, undisputed facts show the Radzinski and Brazeau residential facilities are not "adjacent" in the term's specific sense—contiguous. The two residential facilities are divided by a fifty foot strip of land owned by a third party. On the strip stands a garage that Radzinski is now renting. Although Brazeau also owns an easement on the strip for the use of parking stalls, this joint use by both the Radzinski and Brazeau residential facilities does not

as a by-product also qualify the two residential facilities as contiguous structures. Despite the joint use, a third party remains the owner of the intervening strip. We believe that legal ownership, not intermediate use, is the important element that resolves the issue of contiguousness. Ownership is the more practical and easily applied quality that the legislature had in mind. Accordingly, for purposes of this statute, the fifty foot strip continues to divide the Radzinski and Brazeau residential facilities and renders them not "adjacent."

We need not decide whether the city properly exercised its zoning discretion when it granted the Radzinski residential facility a zoning permit, inasmuch as Brazeau has not challenged the city's decision on this statutorily authorized ground. We also need not decide whether the two residential facilities comprise "essential components of a single program" within the meaning of the statute. This standard is only applicable whenever two residential facilities are "adjacent." Because the two residential facilities are not "adjacent," the city had the legal power to approve the Radzinski residential facility without also considering what attributes would make the two residential facilities essential components of a single program.

*By the Court.*—Judgment and order affirmed.