William J. MARTH and June Marth, his wife, Plaintiffs-Counter Claimants-Defendants,

v.

William A. EDWARDS and Violet Edwards, his wife, Defendants-Counter Claimants-Cross Claimants-Plaintiffs-Appellants,

Arthur W. GUENTHER, Jr., Defendant-Cross Claimant-Defendant,

VALLEY BANK OF KEWASKUM and Washington County, Defendants,

v.

Robert A. SWOBODA, individually and as a partner of the Greenbriar Partnership, Additional-Counter Claimant-Cross Claimant-Defendant,

David DOERR, Lee A. Doerr, Jr., Brian Zimmermann and James Brzezinski, individually and as partners of the Greenbriar Partnership, Additional-Counter Claimants-Cross Claimants-Defendants-Respondents.

Court of Appeals

*No. 90–0967. Submitted on briefs November 19, 1990.—Decided December 19, 1990.*

(Also reported in 465 N.W.2d 248.)

On behalf of the defendants-counter claimants-cross claimants-plaintiffs-appellants, the cause was submitted on the briefs of *Brian T. Rogga* of *Fellows, Piper & Schmidt* of Milwaukee.

On behalf of the additional-counter claimants-cross claimants-defendants-respondents, the cause was submitted on the brief of *Susan LaCava, Henry J. Loos* and *Samuel J. Recht* of *Quarles & Brady* of Milwaukee.

Before Nettesheim, P.J., Brown and Scott, JJ.

BROWN, J.   The question on appeal is: When it is alleged that a partnership agreed to purchase real estate, but there was no express authority of the alleged agent to bind the partnership to a contract to purchase real estate and the partnership was not identified in the contract or by the alleged agent's signature, did the trial court correctly dismiss the case against the partnership under the statute of frauds, particularly sec. 706.03(1), Stats.? We hold that the answer is "yes" and reject an "apparent authority" argument founded upon secs. 178.07 and 178.06(1), Stats., of the Wisconsin Uniform Partnership Act.

Robert Swoboda is the alleged agent. On June 29, 1982, he offered to exchange four condominium lots, allegedly titled to Greenbriar Partnership, and $25,000 for William and Violet Edwards' tavern. Swoboda's offer was signed by him, with no indication either in the body of the document or by his signature, that he was acting on behalf of a partnership. The Edwardses accepted the offer and the transaction closed on October 5, 1982. The

776

closing statement also failed to indicate that Swoboda was acting on behalf of the partnership.

On October 6, Swoboda entered into a buy-back agreement with the Edwardses in which he agreed to buy the lots from the Edwardses over a four-year period. Again, no mention was made, either by Swoboda's signature or within the document itself, that Swoboda was acting on behalf of the partnership. A year later, the buy-back arrangement was renegotiated calling for Swoboda to make one lump sum payment. This document was also silent concerning whether Swoboda was acting on behalf of another party.

Eventually, the Edwardses were sued by William J. Marth, their realtor. The Edwardses then sued Swoboda for breach of the buy-back agreement. The Edwardses also sued Greenbriar Partnership and David Doerr, a partner in Greenbriar with Swoboda. They reasoned that Swoboda was an agent of the partnership with apparent authority to bind the partnership and Doerr to the supplemental buy-back agreement. The trial court dismissed the action against Greenbriar and Doerr based on the statute of frauds. The Edwardses appeal.

The trial court's decision is founded upon sec. 706.03(1), Stats., which applies to instruments affecting land that are signed by agents. The statute reads as follows:

> A conveyance signed by one purporting to act as agent for another shall be ineffective as against the purported principal unless such agent was expressly authorized, and unless the authorizing principal is identified as such in the conveyance or in the form of signature or acknowledgment. The burden of proving the authority of any such agent shall be upon the person asserting the same.

777

*Id.*

The trial court properly determined that the statute imposes two requirements: first, the agent must be expressly authorized; second, the authorizing principal must be identified as such in the conveyance or in the form of signature or acknowledgment. The trial court held that neither of these requirements had been met. There was no showing that Swoboda was expressly authorized to bind the partnership to a real estate contract on his signature alone. To the contrary, the Partnership Agreement required the signature of two persons. In addition, the partnership was not identified in either the body of the buy-back agreement or by Swoboda's signature.

The Edwardses concede that sec. 706.03(1), Stats., was not satisfied, but they argue it is immaterial because sec. 706.03 governs conveyances signed by "agents, officers and guardians." Thus, sec. 706.03(1) concerns "principal-agent" relationships generally. The Edwardses assert, however, that sec. 178.07, Stats., pertains to a specific species of the principal-agent relationship—the partnership. The Edwardses reason that since partners are agents of the partnership as provided in sec. 178.06(1), Stats., secs. 706.03(1) and 178.07 conflict and are therefore ambiguous with respect to "agency." The Edwardses claim that sec. 178.07 is the more specific in that it relates expressly to transactions between partnerships and partners, while sec. 706.03(1) speaks to principal-agent relationships generally. The Edwardses conclude that sec. 178.07 controls.

The construction of secs. 706.03(1) and 178.07, Stats., is a question of law which this court must consider *de novo. See Central Nat'l Bank v. Dustin,* 107

Wis. 2d 614, 617, 321 N.W.2d 321, 322 (Ct. App. 1982). If the statute's meaning is clear on its face, the reviewing court need not look outside the statute to determine legislative intent. *See Wisconsin Elec. Power Co. v. Public Serv. Comm'n,* 110 Wis. 2d 530, 534, 329 N.W.2d 178, 181 (1983).

▮There is no question but that sec. 706.03(1), Stats., is clear on its face. Section 178.07, Stats., is also clear on its face. The latter consists of five numbered paragraphs fully set forth in the footnote below.[1] None of the

---

[1]Section 178.07, Stats., states as follows:

**Conveyance of real property of partnership.** **(1)** Where title to real property is in the partnership name, any partner may convey title to such property by a conveyance executed in the partnership name; but the partnership may recover such property unless the partner's act binds the partnership under the provisions of s. 178.06(1), or unless such property has been conveyed by the grantee or a person claiming through such grantee to a holder for value without knowledge that the partner, in making the conveyance, has exceeded his authority.

**(2)** Where title to real property is in the name of the partnership, a conveyance executed by a partner, in his own name, passes the equitable interest of the partnership, provided the act is one within the authority of the partner under s. 178.06(1).

**(3)** Where title to real property is in the name of one or more but not all the partners, and the record does not disclose the right of the partnership, the partners in whose name the title stands may convey title to such property, but the partnership may recover such property if the partners' act does not bind the partnership under s. 178.06(1), unless the purchaser or his assignee, is a holder for value, without knowledge.

**(4)** Where the title to real property is in the name of one or more or all the partners, or in a third person in trust for the partnership, a conveyance executed by a partner in the partnership name, or in his own name, passes the equitable interest of the partnership, provided the act is one within the authority of the partner under s. 178.06(1).

**(5)** Where the title to real property is in the names of all the

779

paragraphs pertains to a partnership or partner *buying* real estate. Rather, the sections discuss only the *conveyance* of partnership real estate. Since we are here dealing with the buying of real estate by Swoboda, the whole of sec. 178.07 is inapplicable. On that ground alone, the Edwardses lose.

The Edwardses alternatively argue that sec. 178.06(1), Stats., instead of sec. 706.03, Stats., controls in this case. Section 178.06(1) provides:

> Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority.

The Edwardses contend that this statute binds a partnership for any act of a partner even in real estate transactions.

We agree with the respondents, however, that sec. 178.06(1), Stats., is a general statute instructing that partners are agents of the partnership and that they have apparent authority so long as (1) the act was taken for the purpose of the partnership's business, and (2) the person with whom the partner was dealing had no knowledge of the fact that the partner was not authorized. Section 706.03(1), Stats., is the more specific statute because it deals with an agent's apparent authority

partners a conveyance executed by all the partners passes all their rights in such property.

to bind principals to a real estate transaction. Section 706.03(1) controls.

We note that the legislature has provided specific exceptions concerning when ch. 706, Stats., is inapplicable. Section 706.01(2). A transaction between a partnership and a partner under ch. 178, Stats., is not listed as an exception. We further observe that had the legislature meant to write the statute of frauds out of any real estate transaction involving partnerships, it would have so stated in its list of exceptions to ch. 706. Nothing in ch. 178 allows the Edwardses to avoid the statute of frauds to save their suit against Greenbriar or Doerr.

After reading both the statute of frauds and ch. 178, Stats., we determine that our literal interpretation of the two statutes is reasonable and a product of common sense. The crux of the Edwardses' claim seems to be that this was a sale and buy-back situation. Thus, the two events are so intertwined as to be actually one continuing transaction. The lots allegedly were titled in the partnership name before being sold to the Edwardses. Therefore, the Edwardses feel justified in believing they were dealing with a partnership; thus, they claim they should be able to sue that entity for breach.

The problem is that the plain meaning of sec. 178.07, Stats., is to provide a *partnership* with the right to recover property errantly sold or encumbered by a partner. Chapter 178, Stats., is not a vehicle of protection for those involved in real estate transactions with partnerships. The vehicle of protection is rather the statute of frauds. Had the Edwardses followed that statute, they would not be in the position they are today. We conclude that the very simple and expedient way to protect those dealing in real estate transactions involving

partnerships is the statute of frauds. That, not "apparent authority" under ch. 178, is the remedy provided by the legislature.

*By the Court.*—Order affirmed.