STATE of Wisconsin, Plaintiff-Appellant,

v.

William K. NORD, Defendant-Respondent.

Court of Appeals

*No. 00–1529–CR. Submitted on briefs October 31, 2000.—Decided January 17, 2001.*

## 2001 WI App 48

(Also reported in 625 N.W.2d 302.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Stephen C. Dorrance*, Polk County assistant district attorney, of Balsam Lake. A supplemental brief was filed by *James E. Doyle*, attorney general, and *Jennifer E. Nashold*, assistant attorney general, of Madison.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *Timothy J. O'Brien* and *Bakke Norman, S.C.*, of New Richmond.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1.   HOOVER, P.J.[1]   The State of Wisconsin appeals an order suppressing William K. Nord's blood alcohol test results. At trial, Nord claimed that the implied consent statute, WIS. STAT. § 343.305(4), violated his due process rights because the statute misleads accused persons regarding the consequences for taking or refusing the test. The circuit court agreed and suppressed the blood alcohol test results. The State now appeals that order. Nord makes the same argument that he did in the circuit court. However, he fails to persuade us that the statute violates his due process rights. We therefore reverse the circuit court.

## BACKGROUND

¶ 2.   The parties do not dispute the facts. A police officer stopped Nord for speeding. After further investigation, the officer arrested him for violating WIS. STAT.

---

[1] This case was considered by a three-judge panel pursuant to the chief judge's order of September 14, 2000. *See* WIS. STAT. RULE § 809.41. All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

§ 346.63(1)(a), operating a motor vehicle while under the influence of an intoxicant. The officer transported Nord to Osceola Medical Center where he read Nord the Wisconsin Department of Transportation Informing the Accused form as set forth in WIS. STAT. § 343.305(4). Nord consented to provide a blood sample, which was tested for alcohol content. The test showed that Nord's blood had a prohibited level of alcohol. The officer then charged Nord with operating a motor vehicle with a prohibited alcohol concentration. *See* WIS. STAT. § 346.63(1)(b). Because Nord had previously been convicted of operating under the influence and operating with a prohibited blood alcohol concentration, the officer issued the citations as second offenses.

¶ 3. Nord filed a motion with the circuit court asking it to suppress the chemical test result. The parties agree that the officer read the Informing the Accused form according to the statutory requirements. However, Nord contended that WIS. STAT. § 343.305(4) misleads an accused by overstating the consequences of refusing to take the test and understating what may occur if the test shows a prohibitively high blood alcohol level. Therefore, he argued, the test results were obtained in violation of his due process rights.

¶ 4. At the suppression motion hearing, the circuit court determined that the officer had probable cause to stop and arrest. However, it concluded that the WIS. STAT. § 343.305(4) language "does materially mislead the defendant in a manner designed to try to convince and persuade the defendant that he will be better off taking the test than not taking the test. And that is fundamentally unfair and in contravention of due process." The court granted the motion to suppress

the blood test results and any evidence related to the test. The State now appeals the circuit court's order.

## STANDARD OF REVIEW

¶ 5.    Statutory construction presents a question of law this court reviews de novo. *Wisconsin Fin. Corp. v. Garlock*, 140 Wis. 2d 506, 515, 410 N.W.2d 649 (Ct. App. 1987). The purpose of statutory interpretation is to ascertain and give effect to the legislature's intent. *County of Columbia v. Bylewski*, 94 Wis. 2d 153, 164, 288 N.W.2d 129 (1980). In determining legislative intent, first resort must be to the statutory language itself. *Garlock*, 140 Wis. 2d at 515. If the meaning of the statute is clear on its face, this court will not look outside the statute in applying it. *WEPCO v. PSC*, 110 Wis. 2d 530, 534, 329 N.W.2d 178 (1983).

¶ 6.    A statute is presumed to be constitutional. *State v. Thiel*, 188 Wis. 2d 695, 706, 524 N.W.2d 641 (1994). A party challenging a statute has a heavy burden to prove a statute is unconstitutional beyond a reasonable doubt. *State v. Hezzie R.*, 219 Wis. 2d 848, 862–63, 580 N.W.2d 660 (1998). We will not conclude that a statute is unconstitutional "if it can possibly be construed consistent with the constitution." *Norquist v. Zeuske*, 211 Wis. 2d 241, 250, 564 N.W.2d 758 (1997). Any doubts about the constitutionality of a statute are resolved in favor of the statute. *See Chappy v. LIRC*, 136 Wis. 2d 172, 185, 401 N.W.2d 568 (1987). We apply the facts, undisputed in this case, to the constitutional standard independently of the circuit court. *See State v. McMorris*, 213 Wis. 2d 156, 165, 570 N.W.2d 384 (1997).

### DISCUSSION

¶ 7.   Nord's due process argument, i.e., the right not to be misinformed and the right to make an informed choice, is based entirely on the premise that WIS. STAT. § 343.305(4) actively misleads a defendant. Specifically, Nord contends that the statute overstates the consequences for refusing a test and understates the consequences for consenting to a test. We hold the statute does not mislead. Therefore, his due process argument fails.

### 1.   Overstating the Consequences for Refusal

¶ 8.   Nord claims that the statute overstates the consequences for refusing to submit to evidentiary testing with the following language: "If you refuse to take any test that this agency requests, your operating privilege will be revoked and you will be subject to other penalties." WIS. STAT. § 343.305(4). He contends that the only penalty is license revocation and that the statute improperly adds that an accused "will be subject to other penalties." *Id.*

¶ 9.   However, the State correctly points out that WIS. STAT. § 343.305(10) and (10m) enumerate several other penalties for refusing to submit to chemical testing. If a court determines that an individual improperly refused testing, it is required, in addition to revoking the person's operating privileges, to order the person to submit to and comply with an assessment of the person's use of alcohol, controlled substances or controlled substance analogs, and the development of a driver safety plan. *See* WIS. STAT. § 343.305(10)(c). WISCONSIN STAT. § 343.305(10)(d) and (f) authorizes the court or the Department of Transportation to enforce the driver's safety program, which may include outpa-

tient or inpatient treatment for alcohol misuse, abuse or dependency. Further, if an individual improperly refuses a test and has two or more prior convictions, suspensions or revocations, the court may order a law enforcement officer to seize the vehicle or "equip the motor vehicle with an ignition interlock device or immobilize any motor vehicle owned by the person whose operating privilege is revoked." WIS. STAT. § 346.65(6)(a)1; *see also* WIS. STAT. § 343.305(10m) (noting that if the person "has 2 or more prior convictions, suspensions or revocations . . . the procedure under s. 346.65(6) shall be followed . . . ."). If the person improperly refuses a test and has three or more prior convictions, suspensions, or revocations, the court must order the vehicle seized. *See* WIS. STAT. § 343.305(10m) (referring to WIS. STAT. § 346.65(6)). We agree that the statute identifies several consequences beyond license revocation that may result if an accused refuses the test.

¶ 10.　Nord cites *State v. Killebrew*, 115 Wis. 2d 243, 251, 340 N.W.2d 470 (1983), for the proposition that these statutory consequences beyond license revocation are not "penalties" because they are remedial in nature. He contends that "penalty" should be strictly defined as "punishment" and a "[g]overnmental action is punishment . . . if its principal purpose is punishment, retribution or deterrence." *Id.* We disagree that "penalty" as used in the implied consent statute should carry such a narrow, hypertechnical definition. The word merely refers to consequences. It is irrelevant whether the consequences are characterized as punishment or penalties, or are remedial in nature.

### 2. Understating the Consequences for Consenting

¶ 11. Nord next argues that WIS. STAT. § 343.305(4) understates the potential consequences for submitting to the chemical test for intoxication with the following language: "If any test shows more alcohol in your system than the law permits while driving, your operating privilege will be suspended. . . . The test results or the fact that you refused testing can be used against you in court." *Id.* He complains that the statute does not inform an accused that he or she may face imprisonment if the alcohol in an accused's system exceeds the legal limit.

¶ 12. Nord concedes that the purpose of the implied consent law is to "facilitate, not impede, the gathering of chemical test evidence in order to remove drunk drivers from the roads. . . . It creates a separate offense that is triggered upon a driver's refusal to submit to a chemical test of his breath, blood or urine." *State v. Zielke*, 137 Wis. 2d 39, 41, 403 N.W.2d 427 (1987). Nord further concedes that, at least under a prior version of the informed consent statute, an accused does not need to be informed before testing of the specific penalties that might flow from a conviction for operating a motor vehicle while intoxicated. *See City of Mequon v. Hess*, 158 Wis. 2d 500, 504, 463 N.W.2d 687 (Ct. App. 1990).

¶ 13. Despite these concessions, Nord nevertheless argues that the admonition that test results or a refusal can be used against a suspect in court is inadequate to inform that jail is a potential sanction in addition to suspension. We disagree. Under the tenor of the *City of Mequon* case, we deem it reasonable to con-

clude that the concept of evidence being used against one in court would be perceived by the average citizen as implicating the specter of incarceration, among other consequences.[2] We are therefore satisfied that WIS. STAT. § 343.305(4) does not impermissibly understate the potential consequences for submitting to the chemical test for intoxication.[3]

¶ 14. The informed consent statute alerts an accused to the penalties that could result from violating WIS. STAT. § 343.305(4). The statute further informs, without limiting their application to proceed-

---

[2] Nord does not argue that the statutory language stating that "[t]he test results or the fact that you refused testing can be used against you in court" does not inform the average person of the possibility of prosecution and incarceration. Rather, he segues into the contention that the implied consent warning fails to notify an accused that the suspension of driving privileges is reviewed first by the Department of Transportation and not a court. As pointed out above, however, the implied consent warning is not designed to provide the arrestee with the myriad possibilities. *City of Mequon v. Hess*, 158 Wis. 2d 500, 504, 463 N.W.2d 687 (Ct. App. 1990). Moreover, we agree with the State's argument that

[a]s a practical matter, rare indeed would be the individual who is not aware that he or she may be subject to criminal prosecution and its attendant penalties, should the test yield a result over the legal limit. It borders on the absurd to suggest that the information provided in [WIS. STAT. § 343.305(4) would lead an arrestee to believe that if he or she were over the legal limit, all that would occur is license suspension and the arrestee would be immune from prosecution.

[3] Nord also attempts to analogize implied consent warnings to *Miranda* warnings. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Ultimately, however, his argument is fully premised upon his misconception that WIS. STAT. § 343.305(4) is misleading. Because the statute is not misleading, his argument is without merit.

ings under ch. 343, that the test results could be used against an accused in court. We conclude that the statute adequately advises an accused of the consequences under ch. 343 for consenting or refusing to take the test. Therefore, the statute does not actively mislead an accused.

¶ 15.   Nord has failed to overcome the statute's presumption of constitutionality. Therefore, the circuit court improperly excluded the blood alcohol test result and related evidence.

*By the Court.*—Order reversed.