State of Wisconsin, Plaintiff-Respondent,
v.
Robert J. Lochemes, Defendant-Appellant.
No. 04-1731.
Court of Appeals of Wisconsin.
Opinion Filed: December 1, 2004.
¶1 SNYDER, J.[1]
Robert J. Lochemes appeals from an order revoking his driving privileges for two years and denying his request for reconsideration. The circuit court's order found that Lochemes had unlawfully refused to submit to a chemical blood test for intoxication in violation of WIS. STAT. § 343.305. He contends that he was misled regarding his right to refuse the test and, further, that no harm occurred because the State did actually perform a blood test. Therefore, he argues, the circuit court improperly ordered revocation. We disagree and affirm the order of the circuit court.
¶2 On May 30, 2003, Sergeant Jason Hennen of the Village of Elm Grove Police Department stopped a vehicle on suspicion of drunk driving. Hennen identified the driver of the vehicle as Lochemes. Hennen asked Lochemes to perform various field sobriety tests and subsequently placed him under arrest for operating a motor vehicle while under the influence of an intoxicant.
¶3 Hennen took Lochemes to police headquarters and issued him a citation. Hennen then read the Informing the Accused form to Lochemes and asked him to submit to an evidentiary chemical test of his blood. Lochemes stated that he would not submit to the blood test until he could talk to his attorney and doctor, explaining that he was on some medications. Hennen determined that Lochemes was not willing to submit to the blood test and explained to Lochemes that the blood test would be performed anyway. Lochemes indicated that he would physically resist any attempt to perform a blood test on him. Hennen requested assistance and two other officers as well as medical personnel arrived for the blood draw. At that time, Lochemes indicated that he would cooperate.
¶4 At the refusal hearing on April 20, 2004, the circuit court ruled that Lochemes had improperly refused to submit to an evidentiary chemical test of his blood. On May 10, 2004, the court issued an order for revocation and denied Lochemes's motion for reconsideration.
¶5 Lochemes appeals, first arguing that the revocation based on refusal should be reversed because he was misled into thinking that a refusal meant that he would not be tested. Lochemes does not dispute Hennen's power to administer the forcible blood draw, nor does he contend that Hennen failed to recite the required warnings contained in the Informing the Accused form. Rather, he argues that the warnings provided were inadequate because they failed to inform him that "in addition to the penalties he would be subjected to when he refused, he would be tested regardless of whether he cooperated."
¶6 If an arresting officer fails to comply substantially with the statute, an order of revocation will be reversed. State v. Reitter, 227 Wis. 2d 213, 232, 595 N.W.2d 646 (1999). We have held that
even if an arrestee refuses to submit to a voluntary blood test, an officer may acknowledge the refusal, complete the "Notice of Intent to Revoke Operating Privilege" form as provided by WIS. STAT. § 343.305(9)(a), and then proceed with an involuntary blood test as the basis for the operating a motor vehicle with a prohibited alcohol concentration (PAC) charge and in support of the operating a motor vehicle while intoxicated charge.
State v. Marshall, 2002 WI App 73, ¶12, 251 Wis. 2d 408, 642 N.W.2d 571. The officer "only has a duty to provide the information on the form." County of Ozaukee v. Quelle, 198 Wis. 2d 269, 284, 542 N.W.2d 196 (Ct. App. 1995). Application of the implied consent law to an undisputed set of facts is a question of law, which this court reviews de novo. Reitter, 227 Wis. 2d at 223. Here, Hennen complied with his statutory duty when he read the Informing the Accused form to Lochemes. See Quelle, 198 Wis. 2d at 283. Further, Hennen's adherence to the script on the form demonstrates that he did not provide an undersupply or oversupply of information and therefore did not compromise Lochemes's decision about whether to submit to the chemical test. See id. at 283-84.
¶7 Lochemes's argument must ultimately rest on the adequacy of the language mandated by WIS. STAT. § 343.305(4) and contained in the Informing the Accused form. We have held that the legislature has "adequately addressed any risk of confusion by imposing a statutory duty on the police to provide accused drivers with specific information." Quelle, 198 Wis. 2d at 281. The statute "adequately advises an accused of the consequences under [WIS. STAT.] ch. 343 for consenting or refusing to take the test." State v. Nord, 2001 WI App 48, ¶14, 241 Wis. 2d 387, 625 N.W.2d 302. Requests for a change to statutory language must be addressed to the legislature, not the court of appeals. See Pollack v. Calimag, 157 Wis. 2d 222, 235, 458 N.W.2d 591 (Ct. App. 1990) (where statutory language is unambiguous, we are bound by it and changes are for the legislature, not the court of appeals).
¶8 Lochemes further argues that he should not be found guilty of refusal because, in the end, the State obtained the blood test that it sought. This "no harm, no foul" argument is contrary to the law. The implied consent law clearly states, "If a person refuses to take a test ... the law enforcement officer shall immediately take possession of the person's license and prepare a notice of intent to revoke ... the person's operating privilege." WIS. STAT. § 343.305(9)(a). The law is designed to induce the accused to submit to a chemical test. State v. Brooks, 113 Wis. 2d 347, 348, 335 N.W.2d 354 (1983). If the legislature had intended to withdraw the consequences of a person's unlawful refusal to submit to a chemical test where the law enforcement agency performed a forcible blood draw, it could have done so. We are required to "give effect to the laws enacted by the legislature." State ex rel. Kalal v. Circuit Court for Dane County, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. We will not give effect to an interpretation that requires words that are not there and intentions the legislature has not declared. See Fond du Lac County v. Town of Rosendale, 149 Wis. 2d 326, 334, 440 N.W.2d 818 (Ct. App. 1989) ("courts should not add words to a statute to give it a certain meaning").
¶9 We conclude that Lochemes's arguments are better addressed to the legislature because they require revisions to current statutory language which has long been upheld and applied by the courts. We hold that the order for revocation based upon Lochemes's unlawful refusal to submit to a chemical blood test under WIS. STAT. § 343.305 was proper.
By the Court.  Order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.